MARSHALL–WELLS HARDWARE COMPANY v. PETER J. MOODY.[1]

April 29, 1904.

Nos. 13,815—(51).

**Accord and Satisfaction.**

, The trial court in this case erred in directing a verdict for the defendant upon the issue of accord and satisfaction, and rightly granted a new trial.

Action in the district court for Wright county to recover $144.52 for goods sold. The case was tried before Giddings, J., who directed a verdict in favor of defendant. From an order granting a motion for a new trial, defendant appealed. Affirmed.

*W. H. Cutting,* for appellant.

*Edward P. Sanborn,* for respondent.

START, C. J.

The complaint alleged that the plaintiff, at the request of the defendant, sold to him between October 1, 1901, and November 16, 1902, merchandise of the value of $775.36, which sum he promised to pay therefor, but has only paid the sum of $639.84. The answer admitted that at the time stated in the complaint the plaintiff sold to the defendant merchandise of the value of $639.62, and no more, and alleged that on January 12, 1903, the parties had an accounting and settlement, and there was found due to the plaintiff a balance of $55, which the defendant then paid, and the plaintiff accepted in full satisfaction of the account. This allegation was put in issue by the reply. On the trial of the issues the uncontradicted evidence showed that the amount of goods purchased was $775.36, and that only $639.84 thereof had been paid. The only real dispute between the parties was as to the alleged accounting and settlement. On this issue the trial court, at the close of the evidence, instructed the jury to return a verdict for the defendant. Thereupon the plaintiff moved the court for a new trial, and the defendant appealed from an order granting it.

[1] Reported in 99 N. W. 356

The defendant here claims that the evidence is conclusive that there was an accord and satisfaction between the parties, and that the sum of $55 was paid and accepted in full of the plaintiff's claim, and further that, if there was any mistake in the settlement, it could only be impeached by alleging the mistake in the reply. It is not claimed by the plaintiff that there was any mistake in the alleged settlement. Its claim is that there was no accord and satisfaction. The evidence upon which the defendant bases his claim is a receipt in these words:

$55.00.                              Buffalo, Minn., Jan. 12, 1903.

Received of P. J. Moody the sum of fifty-five and no/100 Dollars. The same to be in full of the account to date of Marshall-Wells Hardware Co., if the claim of said P. J. Moody for credit on the account of said Marshall-Wells Hardware Co. on their statement of December 30th, 1902, rendered us for enforcement of the sums of $107.50 of May 21, 1902, and $50 of April 8, 1902, is just.

This was signed by the defendant's collector.

This receipt at most was only a conditional settlement, for the $55 was not to be accepted in full payment of the account unless the defendant's claim for a credit of the sum stated in the receipt aggregating $157.50 was just. The burden was upon him to show that his claim was just, by showing that he had never been credited with the amount claimed. Now, it appears from the evidence introduced by the plaintiff, and from evidence duly offered by it and excluded by the court, that, at the time the receipt was given, the two items therein mentioned, for which credit was claimed, had already been credited to the defendant on account of goods purchased by him of the defendant. The statement of account of December 30, 1902, referred to in the receipt, did not purport to contain all of the items of goods purchased by the defendant, commencing on October 1, 1901, but only those purchased on and after February 7, 1902. The evidence was ample to sustain a finding by the jury that the defendant, at the time the receipt was given, had been credited with every dollar he had ever paid on the goods; hence his claim for further credit was not just. Therefore the trial court erred in directing the jury to find a verdict for the defendant, and it rightly granted a new trial.

Order affirmed.